UNITED STATES BANKRUPTCY COURT
DISTRICT OF PUERTO RICO

IN RE:
MARITZA GONZALEZ SANTOS

CASE NO. 11-04024-ESL

CHAPTER 13

DEBTOR (S)

# TRUSTEE'S UNFAVORABLE REPORT
# ON PROPOSED PLAN CONFIRMATION UNDER §1325

TO THE HONORABLE COURT: NOW COMES, José R. Carrión, Chapter 13 Trustee, and very respectfully alleges and prays:

This is the Trustee's position regarding the request, under **11 U.S.C. §1325**, for the confirmation of a Chapter 13 Plan.

Debtor(s)' Income: **Under Median / 36 months commitment period.**   Gen Unsecured Pool:  **$0.00**

The **LIQUIDATION VALUE** of the estate has been determined in **$750.00 R2016 STM**. **$3,000.00**

**TOTAL ATTORNEYS FEES THRU PLAN: $2,854.00    Fees paid: $0.00    Fees Outstanding: $2,854.00**

With respect to the proposed (amended) Plan dated: **May 13, 2011** (Dkt 2). Plan Base: **12,000.00**

The proposed (amended) plan can not be confirmed because it has the following deficiencies:

- Insufficiently Funded to pay what it proposes (or needs) to pay  [§1325(a)(6)]
    The plan needs a minimum base of aproximately $13,400.00.

- Feasibility [§1325(a)(5)]: Plan fails to provide for an allowed secured claim.
    The plan fails to provide a treatment for secured creditor, Empresas Berrios (Claim 8-1). Thus, this claim may affect the Plan required base.

- Fails Disposable Income Test : Unreasonable Expenses; Unwarranted payroll Deductions; Fails to use Income Tax refunds and Others. [§1322(a)(1) & §1325(b)(1)(B)]
    Tax refunds are disposable income. The plan must provide that any post-petition income tax return that the debtor would be entitle to receive during the term of the plan will be devoted to fund the plan and that after its confirmation, and without further notice, hearing or Court order the plan shall be deemed modified by increments to its base, in an amount equal to each income tax refund.

- [§1325(a)(5)(A)] Secured creditor(s) provided for in the Plan has/have NOT ACCEPTED the same.
    On July 27, 2011, Empresas Berrios filed an objection to the confirmation of Plan because Debtor failed to provide a treatment for its claim. (Docket No. 14).

- Debtor(s) has/have failed to comply with her/his/their duties as a Debtor(s), debtor(s) has/have failed to provide documents and/or information requested at the meeting of creditors, impairing the Trustee duties performance under the Code. [11 USC §521 & §1302(b)]
    Debtor has not submitted evidence of charitable contribution.

- Other/Comments
    Debtor must submit evidence of gasoline and electricity expenses. Since Debtor is a below median Debtor, she must prove that each claimed expense is reasonably necessary. Ransom v. FIA Card Services, N.A., 2011 U.S. LEXIS 608 (Jan. 11, 2011).

Due to the above described deficiencies in the proposed plan the Trustee Objects to the Confirmation of the same.

CERTIFICATE OF SERVICE: The Chapter 13 Trustee herewith certifies that a copy of this motion has been served via first class mail on the same date it is filed to: the DEBTOR(s), and to her/his/their attorney through CM-ECF notification system.

In San Juan, Puerto Rico this August 30, 2011.

/s/ Mayra Arguelles -Staff Attorney
_____
JOSE R. CARRION
CHAPTER 13 TRUSTEE
PO Box 9023884, San Juan, PR 00902-3884
Tel. (787) 977-3535  Fax  (787) 977-3550

ma