UNITED STATES BANKRUPTCY COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br>MARITZA GONZALEZ SANTOS<br><br>DEBTOR (S) | CASE NO. 11-04024-ESL<br><br>CHAPTER 13 |

# TRUSTEE'S UNFAVORABLE REPORT
# ON PROPOSED PLAN CONFIRMATION UNDER §1325

TO THE HONORABLE COURT: NOW COMES, José R. Carrión, Chapter 13 Trustee, and very respectfully alleges and prays:

This is the Trustee's position regarding the request, under **11 U.S.C. §1325**, for the confirmation of a Chapter 13 Plan.

Debtor(s)' Income: **Above Median / 60 months commitment period.**   Gen Unsecured Pool: **$0.00**

The **LIQUIDATION VALUE** of the estate has been determined in **$0 R2016 STM**. **$3,000.00**

**TOTAL ATTORNEYS FEES THRU PLAN: $2,854.00    Fees paid: $0.00    Fees Outstanding: $2,854.00**

With respect to the proposed (amended) Plan dated: **August 30, 2011** (Dkt 17). Plan Base: **13,950.00**

The proposed (amended) plan can not be confirmed because it has the following deficiencies:

- Feasibility [§1325(a)(6)]
   The Trustee objects the confirmation of Debtor's Plan since Debtor has not established that she will be able to make the payment under the Plan. Per Schedule J, debtor's budget is tight, without expenses flexibility. The Debtor must show by definite and credible evidence that she will be able to make the payments under the Plan. To satisfy feasibility, a debtor's plan must have a reasonable likelihood of success, i.e., that it is likely that the debtor will have the necessary resources to make all payments as directed by the plan. 11 U.S.C. § 1325(a)(6); In re Brunson, 87 B.R. 304, 312 (Bankr.D.N.J.1988), In re Fantasia, 211 B.R. 420, 423 (B.A.P. 1st Cir.1997). Thus, the debtor carries the initial burden of showing that the plan is feasible. In re Felberman, 196 B.R. 678, 685 (Bankr.S.D.N.Y.1995); In re Endicott, 157 B.R. 255, 263 (W.D.Va.1993).

- Feasibility [§1325(a)(6)]: Default in payments to Trustee.
   Debtor is one month in arrears, or $150.00 with the Trustee.

- Debtor(s) has/have failed to comply with her/his/their duties as a Debtor(s), debtor(s) has/have failed to provide documents and/or information requested at the meeting of creditors, impairing the Trustee duties performance under the Code. [11 USC §521 &§1302(b)]
   Debtor has not submitted evidence of charitable contribution.

Due to the above described deficiencies in the proposed plan the Trustee Objects to the Confirmation of the same.

CERTIFICATE OF SERVICE: The Chapter 13 Trustee herewith certifies that a copy of this motion has been served via first class mail on the same date it is filed to: the DEBTOR(s), and to her/his/their attorney through CM-ECF notification system.

   In San Juan, Puerto Rico this November 02, 2011.


                                              /s/ Mayra Arguelles -Staff Attorney
                                              _____
                                              JOSE R. CARRION

CHAPTER 13 TRUSTEE
PO Box 9023884, San Juan, PR 00902-3884
Tel. (787) 977-3535  Fax  (787) 977-3550

ma

CHAPTER 13 TRUSTEE
PO Box 9023884, San Juan, PR 00902-3884
Tel. (787) 977-3535  Fax  (787) 977-3550